In the Matter of the Application for the Appointment of a Committee of the Person and Property of SARAH CONDON WELCH, an Alleged Incompetent Person.— Order affirmed, without costs. Memorandum: On this appeal from an order made at Special Term, directing that the question of appellant's competency be tried by a jury, the facts disclosed by the record, although hardly exceeding the minimum requirements in proceedings of this kind, show that the court did not exceed the bounds of sound discretion in granting the order. The alleged incompetent, a woman sixty-nine years of age, without husband, children or relatives legally chargeable with her support, was a public charge; upon the death of her brother, who was a non-resident of this State, she inherited from him a part of his estate worth approximately $20,000, all of which interest therein she assigned to her brother's widow, a non-resident of this State, in consideration of an agreement by her brother's widow to pay to her fifteen dollars monthly for life, an amount which is insufficient to provide her with the necessities of life. Thereafter, she applied for and received relief from the public welfare officer of the town in which she lived. These facts, which are shown by the public welfare officer's petition and accompanying proofs as the basis for his allegation that appellant is and has been, for at least six months last past, an incompetent person arising from old age or loss of memory and understanding and in consequence of which she has been and now is incompetent to manage either herself or her affairs, together with her testimony given, at the request of her attorney, before the court upon the presentation of the petition, sufficiently support the granting of the order. All concur, except Sears, P. J., and Cunningham, J., who dissent and vote for reversal and for dismissal of the petition on the ground that there is lack of proof of incompetency. (The order directs a jury trial in an incompetency proceeding.) Present — Sears, P. J., Crosby, Lewis, Cunningham and Taylor, JJ.

OTTO CALABRIA, as Administrator, etc., of PASQUALE CALABRIA, Appellant, v. FRED E. HENTY and FRANCIS HENTY, Respondents.— Order affirmed, with ten dollars costs and disbursements. Memorandum: The accident, which resulted in the death of plaintiff's intestate, occurred in Livingston county where the greater number of the material witnesses reside. All concur. (The order grants a motion to change the place of trial in an automobile negligence action.) Present — Sears, P. J., Crosby, Lewis, Cunningham and Taylor, JJ.

THOMAS PUGLIESE, Appellant, v. GEORGE HORMAN, JR., Respondent.— Judgment and order affirmed, with costs. Memorandum: The responsibility for this head-on collision was clearly a question of fact for the jury, and the verdict exonerating the defendant is fully supported, particularly by the evidence of the defendant himself and of the witnesses Bristol and Christensen. We have examined the exceptions to the reception of evidence and find no reversible error; nor do we find error in any of the rulings on request to charge in view of the main charge and the rulings on other requests. All concur. (The judgment is for defendant in an automobile negligence action. The order denies a motion for a new trial.) Present — Sears, P. J., Crosby, Lewis, Cunningham and Taylor, JJ.